UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **RODNEY GRANT** | **CIVIL ACTION NO. 07-0680** |
| **VS.** | **SECTION P** |
| **ALVIN JONES, WARDEN** | **JUDGE JAMES** |
| | **MAGISTRATE JUDGE HAYES** |

REPORT AND RECOMMENDATION

    Before the court is a civil rights complaint (42 U.S.C. §1983) filed in forma pauperis on April 13, 2007, by pro se plaintiff Rodney Grant. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC). He is incarcerated at the East Carroll Detention Center, Lake Providence, Louisiana, but complains of an incident that occurred at a nearby physician's office when he was incarcerated at the River Bend Detention Center (RBDC) which is also located in Lake Providence. Plaintiff has named RBDC Warden Alvin Jones as the sole defendant. He prays for an unspecified amount of money damages and asks that he be sent to a LDOC facility close to his home.

    This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous.

*Statement of the Case*

    On April 4, 2007, plaintiff, an inmate in the custody of the LDOC, was incarcerated at the

RBDC in Lake Providence, Louisiana.  He submitted a medical "call out" requesting to see a physician in Lake Providence to treat a boil on his arm.  Warden Jones honored his request and sent him to a local clinic "... down the street..." from RBDC.  He was examined by the physician who attempted to "... push the stuff out of [plaintiff's] arm..."  This treatment was only partially successful, so the physician advised plaintiff that he would have to cut the boil to drain what remained.

When the physician completed this procedure, he removed his surgical gloves and exited the treatment room.  His nurse started to remove and fold up the paper on the plaintiff's chest.  Plaintiff noticed that the physician's scalpel was still on his chest in this paper.  He claims that the nurse must also have been aware of its location.  At any rate, she continued folding the paper and removing it from plaintiff when he noticed that something had stuck in his hip.  Plaintiff jumped up and complained.  The nurse then unfolded the paper and discovered the scalpel.  Plaintiff then returned to the waiting room.  He felt blood running down his pants leg and noticed that the pants were stained with blood.  Plaintiff advised the corrections officer who was escorting him that he had been cut, and the officer advised plaintiff to notify the physician.  The physician returned and examined the wound and told plaintiff, "... that's alright...," and then dismissed plaintiff without further treatment.  Plaintiff was apparently returned to RBDC where "... he took sick for three days after that happened..."  Elsewhere plaintiff alleged that the cut became infected and "... he refuse to have me treat on..."

*Law and Analysis*

*1. Initial Review*

When a prisoner sues an officer or employee of a governmental entity pursuant to

42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986). District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). In addition, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A.*

*(Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff's original complaint [doc. 1] and his amended complaint [doc. 6] provide a detailed description of the facts relied upon to support his specific theories of liability with respect to the defendant, Warden Jones. Therefore, further amendment of these pleadings would serve no useful purpose. Accepting all of plaintiff's allegations as true, the undersigned concludes, for the reasons stated hereinafter, that the plaintiff's claims are frivolous.

## *2. Medical Care*

Plaintiff implies that he was denied appropriate and adequate medical care while he was incarcerated at the RBDC during the period beginning on April 4, 2007, and for the three days which followed.[1] Medical care claims asserted by convicted prisoners such as the plaintiff are analyzed under the Eighth Amendment's prohibition of cruel and unusual punishment. In order to prevail on such claims, convicts must establish that the refusal or delay in providing medical

---

[1] Plaintiff has not identified the physician or his nurse who treated him on April 4, 2007; nor has he named these individuals as defendants. To the extent that he implies liability on their part, such a claim would be subject to dismissal as frivolous for two reasons. First, it does not appear from the pleadings that either the physician or his nurse were "acting under color of state law" when they treated the plaintiff. "In order to recover under §1983, a plaintiff must prove (1) that he was deprived of a federally protected right, and (2) that the deprivation occurred under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155, 98 S.Ct. 1729, 1733, 56 L.Ed.2d 185 (1978). In order to prove the deprivation of a right protected by Constitution, a plaintiff must prove state action. *Doe v. Rains County Indep. Sch. Dist.*, 66 F.3d 1402, 1406 (5th Cir.1995). The plaintiff may satisfy the "under color of state law" requirement by proving that the conduct causing the deprivation is "fairly attributable to the State" which means proof (1) that the deprivation was caused by the exercise of a state-created right or privilege, by a state-imposed rule of conduct, or by a person for whom the state is responsible, and (2) that the party charged with the deprivation may be fairly described as a "state actor." *Landry v. A-Able Bonding, Inc.*, 75 F.3d 200, 203-04 (5th Cir. 1996) (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). Compare *West v. Atkins*, 487 U.S. 42, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988), in which the Court held that a physician <u>under contract with the state to furnish medical services to state prison inmates was acting under color of state law when he treated inmates within the confines of the prison</u>. Petitioner has not shown that the unnamed physician and his assistant had such a relationship to the state. Second, as is shown hereinafter, the physician and his assistant's actions do not demonstrate "deliberate indifference" to plaintiff's medical needs; at worst, the physician and his assistant were guilty only of negligence or malpractice and such fault is insufficient to state a claim under §1983. See *Thompson v. Upshur County, Texas*, 245 F.3d 447, 458-459 (5th Cir.2001).

care was "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

Deliberate indifference in the context of the failure to provide reasonable medical care to a convicted prisoner means that: (1) the prison officials were aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) the officials actually drew that inference; and (3) the officials' response indicated that they subjectively intended that harm occur. *Thompson v. Upshur County, Texas*, 245 F.3d at 458-59. "[T]he failure to alleviate a significant risk that [the official] should have perceived, but did not is insufficient to show deliberate indifference." *Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001)(emphasis supplied). Moreover, "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson*, 245 F.3d at 459 (emphasis supplied). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir.1997); see also *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir.1999). The fact that a plaintiff disagrees with what medical care is appropriate does not state a claim of deliberate indifference to serious medical needs. See *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997).

Plaintiff has not alleged facts sufficient to establish deliberate indifference in this context. With regard to his implied complaint that he was denied adequate medical care during the three days following his minor surgery, it should be noted that plaintiff named a single defendant, Warden Jones. However, he has not shown that Warden Jones was aware of facts from which an inference of substantial risk of serious harm could be drawn. Further, even if he had made such a

showing, he has failed to show that Warden Jones actually drew such an inference and that his response to plaintiff's complaints indicated that he subjectively intended that harm occur to the plaintiff. *Thompson v. Upshur County, Texas*, 245 F.3d 447, 458-459 (5th Cir.2001). Plaintiff's allegations of fact have been accepted as true for the purposes of this Report. Plaintiff was injured by the negligence of an unnamed nurse. He was then examined by a physician who concluded that his injury was so minor that no further treatment was necessary; in so doing, the physician apparently arrived at a diagnosis at odds with the diagnosis plaintiff demanded. The defendant Warden apparently agreed with the physician and not with the plaintiff. Plaintiff's disagreement with the physician's diagnosis and his decision that further treatment was unnecessary is insufficient to state a claim for deliberate indifference. See *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997).

At worst, plaintiff, implies that the physician and his nurse and Warden Jones, were negligent with respect to their treatment of his complaints. However, as was shown above, "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson*, 245 F.3d at 459.

In short, the facts alleged herein, taken as true for the purposes of this Report, do not establish that the defendant, Warden Jones, was deliberately indifferent to any serious medical needs. Plaintiff claims only that his accidental cut remained infected for a period of three days; he alleges no serious ailment or disability associated with the infection. Therefore, even if the defendant were deliberately indifferent, plaintiff has not shown that he had "serious medical needs" since in the end, he suffered no (or at worst he suffered only *de minimis*) physical injury as a result of the defendant's alleged indifference. Plaintiff's medical care claim against

defendant Warden Jones is frivolous.

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 20th day of June, 2007.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE